ORDERED.

Dated: June 27, 2019

_____
Jerry A. Funk
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

MITZI L. JONES,

    Debtor.
_____/

Case No.: 3:19-bk-56-JAF

Chapter 13

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon the following motions filed by Harvey Schonbrun, Trustee ("Schonbrun"): 1) Motion to Dismiss Case as a Bad Faith Filing (Doc. 10) ; 2) Verified Motion for Relief from the Automatic stay to Survive any Future Bankruptcy Filings (Doc. 11); and 3) Verified Motion for Relief from the Co-Debtor Stay (Doc. 12). The Court conducted a trial on the Motions on June 4, 2019 and elected to take the Motions under advisement. Upon the evidence, the Court makes the following Findings of Fact and Conclusions of Law.

#### Findings of Fact

On June 8, 2015, the Debtor and her spouse, Herbert A. Jones, Jr. (Mr. Jones) (collectively the "Jones"), executed and delivered to Schonbrun a Promissory Note (the "Note") in the original principal amount of $45,000.00, which amount was loaned by Schonbrun to the Jones.

(Schonbrun's Ex. 1).  To secure the obligation under the Note, on June 8, 2015, the Jones executed and delivered a Mortgage and Security Agreement (the "Mortgage"), which grants Schonbrun a first lien on their real property and permanently affixed mobile home located at 15735 Shark Road W, Jacksonville, FL 32226 (the "Property"), which is the Jones' home.  (Schonbrun's Ex. 2).  The Jones made a payment on the Note in July of 2015.  They failed to make the second required installment payment due on August 12, 2015 and all subsequent payments.

On January 25, 2016, Schonbrun initiated a foreclosure action in Duval County against the Jones (the "Foreclosure Action").  (Schonbrun's Ex. 3).  On July 18, 2016, one day before the hearing on Schonbrun's Motion for Summary Judgment in the Foreclosure Action, Mr. Jones filed a Chapter 13 bankruptcy petition, commencing case 3:16-bk-02704-JAF (the "First Case").  (Schonbrun's Ex. 4).  On August 8, 2016, the First Case was dismissed for failure to file schedules or a Chapter 13 plan.  (Schonbrun's Ex. 6).

The Foreclosure Action resumed and, on October 5, 2016, Schonbrun obtained a foreclosure judgment in the amount of $59,499.67.  A foreclosure sale of the Property was scheduled for November 23, 2016.  On November 18, 2016, Mr. Jones filed a second Chapter 13 bankruptcy petition, commencing case 3:16-bk-04257-JAF (the "Second Case") (Schonbrun's Ex. 7), which halted the Foreclosure Action a second time.  On October 19, 2017, the Second Case was dismissed for failure to make plan payments.  (Schonbrun's Ex. 9).

The Foreclosure Action again resumed, and a second foreclosure sale was scheduled for January 4, 2018.  On January 3, 2018, the day before the foreclosure sale, Mr. Jones filed a third Chapter 13 bankruptcy petition, commencing case 3:18-bk-00006-JAF (the "Third Case").

(Schonbrun's Ex. 10).  On July 26, 2018, the Third Case was dismissed for failure to make interim plan payments.[1]  (Schonbrun's Ex. 13).  The Dismissal Order provided:

> Any future filing by this Debtor and/or any person claiming an interest in the property by, through, and/or under this Debtor within 365 days of the date of this Order Dismissing the case shall not act as a stay against any creditors in this case or any of their previously filed cases to proceed with their specific method of in rem relief against the property subject of their security interest and from their obtaining possession of said property. Any filing in violation of this Order will be considered null and void and will neither affect nor act as a stay against any of the Debtor's creditors listed in the instant case or any of the prior bankruptcy cases.

(Id. at p. 3, ¶ 8).

The Foreclosure Action again resumed and, on November 26, 2018, Schonbrun obtained an amended foreclosure judgment in the amount of $73,540.56.  A third foreclosure sale was set for January 16, 2019.  On January 9, 2019, a week before the third scheduled foreclosure sale, the Debtor filed the instant case (the "Fourth Case").  (Schonbrun's Ex. 14).

In addition to only receiving twelve payments on the Note between July 2015 and June 2019, Schonbrun was forced to obtain hazard insurance on the Property on June 13, 2018, at a cost of $1,064.98, to protect his interest in the Property.  (Schonbrun's Ex. 17).  Moreover, the Jones have not paid the 2016 and 2018 real property taxes on the Property in the respective approximate amounts of $609 and $437.

On March 28, 2019, Schonbrun filed Proof of Claim 6-2, which indicates that the amount owed on the Note as of the petition date was $74,964.83.  The Duval County Property Appraiser valued the Property for purposes of 2018 property taxes at $79,482.00.  (Schonbrun's Exhibit 20).

---

[1] Eleven payments were made to Schonbrun during Mr. Jones' three bankruptcy cases.

Mr. Jones testified to the following. He is self-employed as an appointment setter and provides services to companies in the financial and health care industries. He previously worked exclusively out of his home. As a result of two hurricanes, the Jones family was displaced from their home, and Mr. Jones was unable to work and lost clients. Mr. Jones now has an office outside of his home from which he works two days a week and can work more, if necessary. Additionally, some of his clients have returned. The Debtor testified that she filed the Fourth Case to save her home and that she believes she can make the Chapter 13 plan payments.

Mr. Jones testified that the Jones obtained an insurance policy on the Property, which went into effect on May 31, 2019, and lists Schonbrun as the loss payee. Mr. Jones testified that a copy of the policy was mailed to Schonburn, but Schonbrun's representative indicated that Schonbrun has not received proof of insurance.

Schonbrun seeks dismissal of the case on the basis that it was filed in bad faith. Alternatively, Schonburn seeks relief from the automatic stay and relief from the co-debtor stay that will survive any future filings and seeks permanent in rem relief as to the Property.

## Conclusions of Law

### I.     Dismissal for Bad Faith

Section 1307(c) of the Bankruptcy Code provides that a bankruptcy court may dismiss a case for "cause" and provides a non-exhaustive list of causes, including "unreasonable delay by the debtor that is prejudicial to creditors[.]" 11 U.S.C. § 1307. Cause in § 1307(c) includes bad faith or a lack of good faith in filing a bankruptcy petition. In re Piazza, 719 F.3d 1253, 1263 (11th Cir. 2013). In determining whether a petition was filed in bad faith "[c]ourts may consider any factors which evidence an intent to abuse the judicial process and the purposes of the reorganization provisions, or in particular, factors which evidence that the petition was filed to

4

delay or frustrate the legitimate efforts of secured creditors to enforce their rights." In re Phoenix Picadilly,Ltd., 849 F.2d 1393, 1394 (11th Cir. 1988).

The determination of whether this case was filed in bad faith is an extremely close call, and the Court has considerable misgivings about permitting the case to go forward. The Jones have utilized this Court for almost three years to delay the Foreclosure Action. However, in light of the circumstances to which Mr. Jones testified, the Court finds that the case was not filed in bad faith and will allow the Jones one final opportunity to reorganize their debt. The Court will deny the Motion to Dismiss.

**II.     Relief from the Automatic Stay**

Schonbrun seeks relief from the automatic stay pursuant to §§ 362(d)(1), (d)(2), and (d)(4) of the Bankruptcy Code, which respectively provide:

> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > **(2)** with respect to a stay of an act against property under subsection (a) of this section, if-
> >
> > > **(A)** the debtor does not have an equity in such property; and
> > >
> > > **(B)** such property is not necessary to an effective reorganization;
> >
> > **(4)** with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved —
> >
> > > **(B)** multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362.

5

### A. Section 362(d)(1)

A party seeking relief from the automatic stay must make a prima-facie showing of cause after which the burden shifts to the opposing party to prove its entitlement to the continued protections of the stay. Froman v. Fein, 566 B.R. 641, 652 (S.D.N.Y. 2017). Because the Bankruptcy Code does not define cause, the determination of whether to grant relief from the stay based on cause is a discretionary one which is made on a case by case basis. In re Boardwalk, Inc., 520 B.R. 126, 132 (Bankr. M.D. Fla. 2014). The filing of a bankruptcy petition in bad faith constitutes cause pursuant to § 362(d)(1) to lift the automatic stay. In re Phoenix Picadilly, 849 F.2d 1393, 1394 (11th Cir. 1988). Although Schonbrun does not indicate in the Motion for Relief from Stay what he believes constitutes cause in the instant case, presumably the cause to which he refers is the filing of the case in bad faith. Because the Court finds that the case was not filed in bad faith, Schonbrun is not entitled to relief from the stay pursuant to § 362(d)(1).

### B. Section 362(d)(2)

A party seeking relief from the automatic stay under § 362(d)(2) must show that the debtor has no equity in the property at issue, after which the burden shifts to the debtor to show that the property is necessary to an effective reorganization. 11 U.S.C. § 362(g). Schonbrun's proof of claim indicates that he was owed approximately $75,000.00 as of the petition date. Additionally, there are past due real property taxes for 2016 and 2018 totaling approximately $1,150.00 on the Property. However, assuming the accuracy of the Duval County Property Appraiser's valuation of $79,482.00, Schonbrun failed to prove that there is no equity in the Property. Even if he had, however, because the Property is the Debtor's home, it is clearly necessary for an effective reorganization. The Court will not lift the stay pursuant to § 362(d)(2).

**C. Section 362(d)(4)**

Finally, Schonbrun asserts he is entitled to relief from the stay under § 362(d)(4) on the basis that the filing of this case was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the Property. For the same reasons that the Court has considerable misgivings about permitting this case to go forward, the Court has considerable concerns about the Jones' multiple filings, which began in July 2016. However, in light of the circumstances to which Mr. Jones testified, the Court does not find that the Jones' multiple bankruptcy filings constitute a scheme to hinder, delay, or defraud their creditors and will not lift the stay pursuant to § 362(d)(4).

### III.    Relief from the Co-Debtor Stay

Schonbrun seeks relief from the co-debtor stay pursuant to 11 U.S.C. § 1301(c)(3), which provides for relief if the creditor's interest in property would be irreparably harmed by continuation of the co-debtor stay. Schonbrun points out that the Jones have made only twelve payments since July 2015 and have been living in the property rent free for months. He contends they filed the case in bad faith, and he is therefore entitled to relief from the co-debtor stay. A mere delay in the receipt of payments does not constitute irreparable harm so as to warrant relief from the co-debtor stay. In re Humphrey, 310 B.R. 735, 739 (Bankr. W.D. Mo. 2004) (citing Harris v. Oglethorpe State Bank, 721 F.2d 1052, 1054 (6th Cir. 1983)). "The legislative history makes clear that a creditor must demonstrate that some event has occurred or is about to occur which will impair its ability to recover from the codebtor and which requires immediate action." Id.

While the Court understands Schonbrun's frustration with only receiving twelve payments during the last four years, the Court does not find that he will be irreparably harmed by the continuation of the co-debtor stay.

**Conclusion**

The Court will not dismiss this case as having been filed in bad faith and will not lift the automatic stay or co-debtor stay. The Court will give the Jones one final opportunity to save their home in bankruptcy court, failing which the Court will dismiss the case with prejudice. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

Attorney Stephanie C. Lieb is directed to serve a copy of this Order on interested parties who are non-CM-ECF users and file a proof of service within 3 days of entry of the Order.